IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM RORKE, | : | No. 4:16-CV-00219 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| AUBREY ALEXANDER, INC. and MICHAEL ANDRETTA | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**SEPTEMBER 20, 2017**

Defendants Aubrey Alexander, Inc. and Michael Andretta moved to dismiss Plaintiff Kim Rorke's Second Amended Complaint for failure to state a claim on which relief can be granted. For the reasons that follow, their motion is denied.

**I.  BACKGROUND**[1]

Ms. Rorke began working as a sales consultant at an Aubrey Alexander car dealership in August 2008.[2] Her "job went smoothly" until Mr. Andretta was hired as the general manager of her dealership sometime in 2012.[3] By January 2013,

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this "Background" section, then, is taken entirely from Ms. Rorke's Second Amended Complaint, ECF No. 28, and is presumed true for purposes of this motion to dismiss.

[2] ECF No. 28 ¶ 19.

[3] *Id.* ¶ 20.

Mr. Andretta had become, according to Ms. Rorke's complaint, "an intimidating and degrading presence with a particular hostility toward women."[4] By February 2015, because she "could no longer stand it," she left her employment.[5]

### A. November 2013 Car Delivery

In late 2013, Ms. Rorke attempted to deliver a car to Benton, Pennsylvania.[6] Although Ms. Rorke told Mr. Andretta that she was "uneasy" about making the trip – the area was "unfamiliar" to her – Mr. Andretta "forced" her to make the delivery nonetheless.[7] Ms. Rorke, however, suffered a "severe" anxiety attack and could not complete the delivery.[8] She called a fellow employee to take her to her home, and the next day she was diagnosed with "severe" anxiety and given medication. She was consequently afraid to drive a vehicle for 3 weeks.[9]

According to Ms. Rorke, her anxiety was a "direct consequence" of working for Mr. Andretta, since she "never had any emotional psychological issues" before he was hired at her dealership.[10]

---

4   *Id.* ¶ 21.
5   *Id.* ¶ 99.
6   *Id.* ¶ 22.
7   *Id.* ¶¶ 22-24.
8   *Id.* ¶¶ 24-25.
9   *Id.* ¶ 28.
10  *Id.* ¶¶ 27, 29.

### B. Attitude Towards and Treatment of Women

Ms. Rorke's complaint contains numerous allegations regarding Mr. Andretta's attitude towards and treatment of women, and the way that treatment caused at least two other female employees to quit.[11] For example, the complaint alleges that Mr. Andretta would humiliate sales associates during morning meetings "while degrading women at the same time."[12] It also alleges that Mr. Andretta referred to a business manager's wife as a "Crazy Bitch," other female employees as "Pop Tart" and "hooker," and Ms. Rorke as "Toots."[13]

The complaint also alleges that, on one occasion, Mr. Andretta became frustrated while working on a deal and told Ms. Rorke and other employees that there was too much "P.O.T.P." at the table where they were working.[14] When Ms. Rorke questioned Mr. Andretta about the meaning of "P.O.T.P.," he said "Don't worry[,] you have plenty of it," while laughing.[15] Another employee told Ms. Rorke that "P.O.T.P." stood for "Power of the Pussy."[16] Later, Ms. Rorke saw a "P.O.T.P." sign hanging in Mr. Andretta's office.[17]

---

[11] *Id.* ¶¶ 57, 92.

[12] *Id.* ¶ 31.

[13] *Id.* ¶¶ 34, 36, 96.

[14] *Id.* ¶¶ 51-52.

[15] *Id.* ¶ 53.

[16] *Id.* ¶ 55.

[17] *Id.* ¶ 56.

Finally, the complaint alleges that in February 2015, a female employee slipped and fell on ice.[18] When told about this accident, Mr. Andretta allegedly stated that he "will never hire another wom[a]n in the sales department again."[19]

### C. Denial of Benefits or Privileges

Ms. Rorke alleges several instances where she was denied an employment benefit or privilege owed to her. For example, she alleges that in 2014, Mr. Andretta gave one of her customers to a male sales associate.[20] She also alleges that in 2015, Mr. Andretta took away her salary and made her wait to collect vacation time owed to her. And finally, she alleges that the totality of the circumstances were eventually too much for her to handle – she could "no longer stand it" – leading to a constructive discharge on February 9, 2015.[21]

### D. Procedural History

On February 8, 2016, Ms. Rorke instituted the instant action by filing a complaint.[22] She filed an amended complaint on April 25, 2016, which the defendants successfully moved to dismiss on May 9, 2016.[23] She filed a second

---

[18] *Id.* ¶ 77.

[19] *Id.* ¶ 79.

[20] *Id.* ¶ 45-46.

[21] *Id.* ¶¶ 19, 99.

[22] ECF No. 1.

[23] ECF No. 18. This Court granted this first Motion to Dismiss on December 22, 2016. ECF Nos. 24, 25.

amended complaint – the one at issue here – on January 20, 2017,[24] and defendants filed the instant motion to dismiss on February 3, 2017.[25] Ms. Rorke opposed that motion on March 3, 2017,[26] and the defendants replied to that opposition on March 17, 2017.[27]

Ms. Rorke's second amended complaint contains three counts. In Count I, brought against Aubrey Alexander, Ms. Rorke alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964.[28] In Count II, also brought against Aubrey Alexander, she alleges sexual harassment and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.[29] In Count III, brought against both Aubrey Alexander and Mr. Andretta, she alleges a violation of the Pennsylvania Human Relations Act ("PHRA").[30]

---

[24] ECF No. 28.
[25] ECF No. 29.
[26] ECF No. 36.
[27] ECF No. 37.
[28] ECF No. 28 ¶¶ 100-02.
[29] *Id.* ¶¶ 103-06.
[30] *Id.* ¶¶ 107-10.

## II. DISCUSSION[31]

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[32] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[33] the court does not, however, assume the truth of any of the complaint's legal conclusions.[34] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[35]

At this stage, the plaintiff's complaint "need not establish a *prima facie* case in order to survive."[36] Rather, "it is enough for [the plaintiff] to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."[37]

---

[31] The analysis that follows does not differentiate between Ms. Rorke's claims under Title VII and those under PHRA, since they are analyzed identically. *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3rd Cir. 2002).

[32] Federal Rule of Civil Procedure 12(b)(6).

[33] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[35] *Id.*

[36] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 788 (3rd Cir. 2016).

[37] *Id.* at 790.

## B. Discrimination Claims

To prevail on a claim of discrimination on the basis of sex, a plaintiff must show (1) that she is a member of a protected class, (2) that she was qualified for the position she sought to retain, (3) that she suffered an adverse employment action, and (4) that the action occurred under circumstances that could give rise to an inference of intentional discrimination.[38]

No one disputes that Ms. Rorke has alleged that she was a woman qualified for her job at Aubrey Alexander; after all, she had been employed there for approximately 7 years before leaving in 2015. She has also alleged adverse employment actions, including loss of a customer, loss of her salary, and constructive discharge.[39] And viewed in light of Mr. Andretta's grossly inappropriate – but, at this point, only alleged – conduct, there is at least a reasonable expectation that discovery will uncover proof that these actions occurred because of her sex. Therefore, she has plausibly alleged a claim of discrimination.

---

[38] *Makky v. Chertoff*, 541 F.3d 205, 214 (3rd Cir. 2008).

[39] *See infra* § II.D.

## C. Sexual Harassment and Hostile Work Environment Claim

To prevail on a claim of sexual harassment or hostile work environment, a plaintiff must show, *inter alia*, discrimination that is either "severe or pervasive."[40] This is a fact-intensive inquiry, and is determined by "looking at all the circumstances."[41]

As noted above, Ms. Rorke accuses Mr. Andretta of repellant conduct. Some of the alleged language and conduct of Mr. Andretta may plausibly be found to be "severe" discrimination, and the conduct's inferred regularity may plausibly classify it as "pervasive." At the very least, Ms. Rorke has demonstrated a reasonable expectation that discovery will uncover proof of her sexual harassment and hostile work environment claims; therefore, she has plausibly alleged these claims.[42]

---

[40] *Castleberry v. STI Group*, 863 F.3d 259, 264 (3rd Cir. 2017). Defendants mistakenly state that plaintiffs must show discrimination that is both severe *and* pervasive.

[41] *Harris v. Forklift*, 510 U.S. 17, 23 (1993).

[42] *See also Booker v. National R.R. Passenger Corp.*, 880 F.Supp.2d 575, 582 (E.D. Pa. 2012) ("Courts in this Circuit have thus shown a reluctance to dismiss a complaint at the 12(b)(6) stage when the primary challenge to the hostile work environment claim is whether or not the conduct in question is severe and/or pervasive.") (internal quotation marks and citation omitted).

### D. Constructive Discharge

To prove constructive discharge on the basis of a hostile work environment, a plaintiff must "show working conditions so intolerable that a reasonable person would have felt compelled to resign."[43]

Again, as noted above, Ms. Rorke accuses Mr. Andretta of highly inappropriate conduct that may plausibly be found to be "intolerable" to a reasonable person. Or again, at the very least, Ms. Rorke has demonstrated a reasonable expectation that discovery will uncover proof of her constructive discharge. Therefore, she has plausibly alleged this claim.[44]

### III. CONCLUSION

For the reasons stated above,[45] Ms. Rorke has plausibly alleged her discrimination claim, her sexual harassment and hostile work environment claim, and her claim of constructive discharge. The defendant's Motion to Dismiss, then, is denied.

---

[43] *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146 (2004).

[44] *See also Hill v. Borough of Kutztown*, 455 F.3d 225, 232 n.7 (3rd Cir. 2006) (noting that whether an employee has been constructively discharged is a "fact-intensive question" that is "inappropriate" for resolution at the motion to dismiss stage).

[45] In her opposition to the defendants' Motion to Dismiss, Ms. Rorke argues that the defendants waived all of their current arguments by not raising them in their Motion to Dismiss of May 9, 2016, ECF No. 18. Because this Court is denying defendants' instant Motion to Dismiss, it need not address Ms. Rorke's waiver argument.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge